UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BILLY J. HALL                          )
                                       )
v.                                     )          NO. 2:05-CV-63
                                       )
BAKER HUGHES INCORPORATED              )
LONG TERM DISABILITY PLAN,             )
CONTINENTAL CASUALTY                   )
COMPANY, and BAKER HUGHES              )
INCORPORATED

## MEMORANDUM OPINION

This is an action for long-term disability benefits under the Employee

Retirement Income Security Act of 1974 [ERISA], 29 U.S.C. § 1001 *et seq*., brought

by Billy J. Hall, a former employee of Baker Hughes Incorporated [BHI], against BHI,

Baker Hughes Incorporated Long Term Disability Plan, [BHI Plan] and Continental

Casualty Company [CCC].  The action is now before this court on cross-motions for

a judgment on the basis of the Administrative Record [AR].   BHI has also filed a

motion for summary judgment asking to be dismissed from the action because it

claims it was merely Mr. Hall's employer and played no role in the decisions

concerning the termination of his long-term disability benefits.  [Doc. 20].

Concerning BHI's motion for summary judgment, this court grants the motion.

There is no denying that an employer is not a proper party to an ERISA action unless

the plaintiff can demonstrate that the employer controlled the administration of the plan. Controlling the administration of the plan has been defined as participating in the decision-making process concerning the granting, denying, or termination of benefits. *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988 ), *cert. denied*, 488 U.S. 26 (1988). In BHI's case, there is no evidence in the administrative record that the company helped make decisions about the granting, denying, or termination of Mr. Hall's long-term disability benefits. At various times, at least four different companies were charged with administering the plan, but BHI was never involved in these administrative decision-making processes.[1] Accordingly, BHI's motion for summary judgment is granted, and it is dismissed from this case.

Moving on to the ERISA claims, this court notes at the outset that the policy language gives discretionary authority to the plan administrator to determine eligibility for benefits and to interpret the terms and provisions of the policy. [AR 616-17]. Accordingly, the facts of this case will be reviewed on an abuse of discretion standard. In order to prevail under this standard, Mr. Hall must prove not only that the company's benefit determination was incorrect but that its decision was arbitrary

---

[1] Mr. Hall misconstrues the defendants' answer to his complaint in this regard. According to Mr. Hall, BHI admitted in paragraph five of its answer that it was the plan administrator. Mr. Hall is apparently confusing the answer of BHI with the wholly separate answer of BHI Plan and CCC. BHI plainly states in paragraph five of its answer that it denies being the plan administrator. [Doc. 10].

and capricious.

To prove disability under the BHI plan's long-term disability policy, a claimant must show he has a total disability. [AR 646]. A disability is defined in the plan as "any impairment to the body that renders an individual wholly and continuously disabled and which is caused by sickness, pregnancy . . . or accidental bodily injury." [AR 632]. To have a total disability, the disability must prevent the individual from "engaging in any occupation or employment for which he is qualified, or may reasonably become qualified, based on his training, education, or experience." [AR 639]. In addition, the individual must be "under the regular care and personal attendance of a Physician aimed at maximizing such [individual's] recovery and return to work . . . ." [*Id.*]. In order to receive benefits, an individual must "provide proof of continued" total disability. [AR 662].

Mr. Hall was injured while working as a pumping truck and equipment operator for BHI in July 1988. [AR 584, 770]. Mr. Hall applied for the plan's long-term disability benefits, citing carpal tunnel syndrome and back pain, in March 1989. [AR 586-93]. His application was approved. [AR 874-78]. In December 2002, CCC became the new plan administrator. [AR 19]. In February 2003, CCC terminated Mr. Hall's long-term disability benefits. [AR 108-10].

According to the termination letter sent to him, Mr. Hall told a vocational case

manager that he recently underwent gastric bypass surgery and lost 150 pounds. [AR 108]. As a result of the surgery, he no longer took blood pressure medicine or medicine to control his diabetes. [*Id.*]. His wife helped him with household chores, and he was able to attend to his personal needs, drive, and grocery shop with the aid of a cane or motorized cart. [*Id.*]. The letter continued citing the reports of three of Mr. Hall's physicians. [*Id.*]. Two of the physicians believed he could return to work while the third did not. [*Id.*]. Dr. Rao, a cardiologist, stated in January 2003 that Mr. Hall could return to work that was "primarily seated in nature and allow[ed] the flexibility to change positions as needed." [*Id.*]. Dr. Overcast, a surgeon, wrote in January 2003 that Mr. Hall could perform "primarily seated work." [*Id.*]. Dr. Collante, a family practitioner, reported he would not be able to return to work. [*Id.*]. The vocational case manager noted, however, that Dr. Collante failed to indicate what sort of functional impairment prevented Mr. Hall from working. [*Id.*]. In fact, Dr. Collante failed to perform another physical capacity evaluation on Mr. Hall before rendering his opinion.

The vocational case manager then stated that Mr. Hall could perform work as a parts order clerk, dispatcher in the trucking industry, or customer service representative. [AR 109]. She concluded that, "In summary, the medical and vocational documentation in your file does not support that you [Mr. Hall] remain

4

disabled from any occupation at this time." [*Id.*].

For the following reasons, this court agrees with the decision of the plan administrator that Mr. Hall was no longer disabled as of May 31, 2003, and that his long-term disability benefits should be terminated.

To continue to be eligible for long-term disability benefits, Mr. Hall had to "provide proof of continued" total disability. [AR 662]. Based on the reports of Drs. Rao and Overcast, Mr. Hall was able to work. [AR 130, 134]. Because Mr. Hall's morbid obesity was, from a medical standpoint, a major factor in his inability to work, it is reasonable to expect that once the morbid obesity was reduced, if not eliminated, the ability to work would return. [AR. 815].

CCC had the medical evidence from two physicians who had been treating Mr. Hall for various conditions that he was now able to work. Based on those opinions, CCC reasonably and with forethought discontinued Mr. Hall's long-term disability benefits. Mr. Hall has not provided convincing evidence to this court that the termination was incorrect and arbitrary and capricious.

After careful consideration of the entire record of proceedings related to this case, this court finds that the plan administrator's decision that Mr. Hall was no longer disabled as of May 31, 2003, was neither incorrect nor arbitrary and capricious. Accordingly, Mr. Hall's motion for a judgment on the record will be denied, the

5

defendants' motion for a judgment on the record will be granted, and this action will be dismissed. In addition, BHI's separate motion for summary judgment will be granted for the reasons set forth above.

An appropriate order will follow.

ENTER:


 s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE